IN THE COURT OF CRIMINAL APPEALS


OF TEXAS





NO. WR-76,845-01






QUENTEZ BROWN, Relator


v.


DALLAS COUNTY DISTRICT CLERK, Respondent






ON APPLICATION FOR A WRIT OF MANDAMUS

CAUSE NOS. 09-71466-T; 09-71467-T; 09-71468-T

IN THE 283RD JUDICIAL DISTRICT COURT FROM DALLAS COUNTY





 Per curiam.


O R D E R




 Relator has filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. In it, he contends that he filed applications for writs of habeas corpus in
the 283rd Judicial District Court of Dallas County, that more than 35 days have elapsed, and that the
applications have not yet been forwarded to this Court. 

 This Court held this application and ordered the District Clerk to respond. He has sent a
letter stating that the clerk's office sent the file to the trial court on May 12, 2011 and the trial court
has failed to return the file after requests from the District Clerk. The trial judge responded to this
letter, stating that prior to the District Clerk's letter, he had not been aware of such habeas
applications and he has no record of ever receiving the writ files from the District Clerk. These two
responses are in direct conflict with each other. A live hearing is necessary to resolve this conflict.

 The Presiding Judge of the First Administrative Judicial Region shall assign a judge to hold
a live hearing regarding the whereabouts of Relator's writ applications. At the hearing, the assigned
judge shall obtain the testimony of the Honorable Rick Magnis, Judge of the 283rd Judicial District
Court, the Honorable Gary Fitzsimmons, District Clerk of Dallas County, attorney Jennifer Balido,
and any other witnesses the judge believes necessary to resolve the issue. The judge holding the
hearing shall enter findings of fact regarding whether the district clerk's office forwarded the record
to the trial court and the whereabouts of Relator's habeas applications.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. No continuances will be granted. A
supplemental transcript containing all the transcription of the court reporter's notes from the hearing,
along with the court's findings of fact and conclusions of law, shall be returned to this Court within
60 days of the date of this order. 



Filed: March 28, 2012

Do not publish